UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DEMERY WILLIAMS,<br>    Petitioner,<br><br>v.<br><br>COLLETTE GOGUEN,<br>    Respondent. | CIVIL ACTION<br>NO. 4:17-11932-TSH |

### ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Docket No. 29)

### APRIL 12, 2021

**HILLMAN, D.J.,**

  This is a petition for a writ of habeas corpus brought by Demery Williams ("Petitioner") to challenge his state court conviction pursuant to 28 U.S.C. § 2254. (Docket No. 1). Neither party has filed a timely objection to Magistrate Judge Hennessy's March 22, 2021 Report and Recommendation on the petition. (Docket No. 29). After review, I ***adopt*** the Report and Recommendation. Accordingly, the Petitioner's motion for a writ of habeas corpus is ***denied***, and the petition is ***dismissed***.

  Petitioner was convicted of first-degree felony murder, armed robbery, and assault and battery by means of a dangerous weapon by the Hampden County Superior Court. *Commonwealth v. Williams*, 475 Mass. 705, 706 (2016). His conviction was affirmed on direct

appeal by the Supreme Judicial Court ("SJC") on October 17, 2016. *Id.* at 723. Among its other findings, the SJC upheld the trial court's decision to allow a substitute medical examiner to testify as to the victim's cause of death after the Commonwealth chose not to call the original medical examiner who performed the autopsy because he had been indicted on an unrelated matter. *Id.* at 718-21. Petitioner challenges that decision here, arguing that the admission of the original primary examiner's out of court statements through the testimony of the substitute medical examiner violated his Sixth Amendment right to confront the witnesses against him. (Docket No. 2 at 2).

"The Sixth Amendment . . . provides that '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.' " *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 309 (2009). In *Melendez-Diaz*, the Supreme Count found that admitting notarized certificates of analysis stating that bags of a powdery white substance which had been found in the defendant' possession contained cocaine violated the Confrontation Clause because "the certificates were "testimonial statements" that could not be introduced unless their authors were subject to the 'crucible of cross examination.'" *Williams v. Illinois*, 567 U.S. 50, 66 (2012) (citing *Melendez-Diaz* at 311, 317). Similarly in *Bullcoming*, the Supreme Court held that a forensic report certifying the defendant's blood alcohol content could not be used as substantive evidence against the Defendant when offered by another analyst who was familiar with the testing laboratory's general procedures but who had not been involved with the blood alcohol content test of the defendant's blood sample. *Williams* at 66.

In *Williams*, the Supreme Court considered *Melendez-Diaz* and *Bullcoming*'s application to a different evidentiary scenario where the substitute expert did not seek to admit the forensic analysis into evidence or admit facts from the report for the truth of the matter asserted. In a

bench trial for rape, "[t]he prosecution called an expert who testified that a DNA profile produced by an outside laboratory, Cellmark, matched a profile by the state police lap using a sample of [the defendant's] blood." *Id*. at 56 (noting that Illinois law enforcement customarily sent DNA samples to private labs for testing to reduce testing backlogs and delays). The expert did not "vouch" for the accuracy of Cellmark's testing or make any other statement offered for the purpose of identifying the DNA sample as defendant's DNA or establishing how Cellmark handled or tested the sample. *Id*. The plurality affirmed the expert's testimony did not violate the Confrontation Clause, concluding that "out-of-court statement that are related by the expert solely for the purpose of explaining the assumptions on which that opinion rests are not offered for their truth and thus fall outside the scope of the Confrontation Clause." *Id*. at 58.

As in *Williams*, Dr. Richmond, the substitute expert in this case, did not seek to disclose or admit Dr. Evangelista's autopsy report or facts from that report into evidence. Unlike *Melendez-Diaz* and *Bullcoming*, in which the forensic analyses were unconstitutionally offered to prove the truth of the matter asserted—the presence of cocaine and the defendant's blood alcohol content at the time of the underlying offense—Dr. Richmond merely stated that she had reviewed the Evangelista Autopsy Report in preparation for her testimony, in which she provided her expert opinion about the victim's cause of death. (S.A. 2028). Petitioner claims that Dr. Richmond introduced Dr. Evangelista's out-of-court statements at trial through her testimony, triggering the Confrontation Clause, but has not cited to a single statement by Dr. Richmond in the trial transcript which supports that proposition. (*See generally* Docket No. 2).

Accordingly, the state courts' decisions to affirm Petitioner's conviction did not constitute an unreasonable application of established Sixth Amendment jurisprudence, and so

Petitioner is not entitled to relief from the state court judgment. *See Hensley v. Roden*, 755 F.3d 724, 731 (1st Cir. 2014).

## Conclusion

For the reasons set forth, the Report and Recommendation (Docket No. 29) is ***adopted***. Petitioner's motion for a writ of habeas corpus (Docket No. 1) is ***denied***, and the case is ***dismissed***.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**